IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| WENXIA LIU & HUI LU | § | |
| vs. | § | NO. 7:07-CV-090-KA |
| ALBERTO GONZALES, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

The above styled and numbered action was transferred to the undersigned pursuant to the Consent of the parties and the District Court's Order filed on September 26, 2007 (document #23) in accordance with 28 USC 636(c).

As permitted by Rule 12(b)(1), F.R.Civ.P., Defendants have filed a **Motion to Dismiss** Plaintiffs' action for lack of subject matter jurisdiction (document #12). Having reviewed and considered the relevant pleadings and attached exhibits, the Court addresses and rules on the merits of Defendants' Motion. Since Defendants' Motion challenges the Court's jurisdiction, the Plaintiffs are required to demonstrate that the exercise of jurisdiction is proper. *Boudreau v. U.S.*, 53 F3d 81, 82 (5th Cir. 1995). In the present case, the Court's determination may be made by considering the Plaintiffs' complaint alone. See *Barrera-Montenegro v. U.S.*, 74 F3d 657, 659 (5th Cir. 1996) (identifying three sources from which the court may consult in determining its jurisdiction over a complaint). As articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. _____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), it is appropriate for the Court to accept as true the factual allegations of the complaint since no issues of fact have been raised and the claim for relief is plausible on its face.

The facts set out in Plaintiffs' Complaint may be summarized as follows:

1. Plaintiffs, Wenxia Liu and Hui Lu, husband and wife, are each citizens of the

People's Republic of China residing in Wichita Falls, Texas (Wichita Falls Division of the Northern District of Texas). Plaintiff, Wenxia Liu, is a professional engineer formerly employed at a local manufacturing facility in Wichita Falls, Texas. Plaintiffs have been residing and working in the United States of America for nine and ten years, respectively, based upon immigrant visas.

2. On July 2, 2004, Plaintiffs each filed with USCIS their I-485 Applications for Adjustment of Status (AOS) to receive green cards and to become permanent residents of the United States of America. Notwithstanding Plaintiffs' pre-filing inquiries directed to USCIS, Plaintiffs' Applications for AOS remained unadjudicated at the expiration of three and one-half years. Because USCIS failed to adequately respond to Plaintiffs' pre-filing inquiries, they elected to file their Original Complaint in this action on June 15, 2007.

3. Plaintiffs' Applications for AOS still remain unadjudicated, now four and one-quarter years after their original filing.

Plaintiff Hui Liu is a derivative spouse whose application to adjust his status as an accompanying alien may only be adjudicated after Plaintiff Wenxia Liu's application to adjust her status as the principal worker has been completed. Plaintiff Wenxia Liu currently enjoys status as an H-1B non-immigrant temporary worker valid through July 8, 2008. Both Plaintiffs' Applications for AOS are ready for adjudication except for a pending background and security check. The only portion remaining for the background and security check is the FBI name check for both Plaintiffs. The name check requests from USCIS to the FBI were received by the FBI on January 21, 2004 (document # 13, Appendix 2, page 14). Plaintiffs assert that although USCIS has "discretion" in processing I-485 applications, the processing should proceed apace and a four year delay in the processing is a non-discretionary matter over which this Court has mandamus jurisdiction.

Defendants, on the other hand, filed a Motion to Dismiss Plaintiffs' claim on the grounds

previously advanced in multiple other cases in this District. Based upon the Courts' holdings in the following cases, I conclude that Defendants' Motion to Dismiss should be denied:

1. *Alsharqawi v. Gonzales*, 2007 U.S. Dist. LEXIS 29808 (N.D. Tex. March 14, 2007) (Judge Godbey)

2. *Elmalky v. Upchurch*, 2007 U.S. Dist. LEXIS 22353 (N.D. Tex. March 28, 2007) (Judge Boyle)

3. *Awar Al-Juburi v. Chertoff*, 2007 U.S. Dist. LEXIS 58176 (N.D. Tex. Aug. 9, 2007) (Judge Fitzwater)

4. *Goldschmidt v. United States AG*, 2007 U.S. Dist. LEXIS 77472 (N.D. Tex. Oct. 18, 2007) (Judge Sanderson)

5. *Ahmadi v. Chertoff*, 522 F.Supp.2d 816, 2007 U.S. Dist. LEXIS 96178 (N.D. Tex. Nov. 27, 2007) (Judge Godbey)

Plaintiffs have made a *prima facie* showing of unreasonable delay in adjudicating their I-485 AOS Applications.

**IT IS, THEREFORE, ORDERED** that Defendants' Motion to Dismiss be, and is hereby, **DENIED.**

**IT IS SO ORDERED**, this 19th day of March, 2008.

_____
**ROBERT K. ROACH**
**UNITED STATES MAGISTRATE JUDGE**